IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PEAKDAY KEP and NARYSYNUON KEP, § § Plaintiffs § § v. § CAPITOL ONE BANK, (USA), N.A., § § Defendants § | CIVIL ACTION NO. 4:20-cv-2718 |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant Capital One Bank (USA), N.A., erroneously named in the Petition as Capitol One Bank (USA), N.A. (hereinafter, "Capital One") files its Notice of Removal of this action from the 457th Judicial District Court of Montgomery County, Texas (transferred effective August 4, 2020 from the 410th Judicial District Court of Montgomery County, Texas), to the United States District Court for the Southern District of Texas, Houston Division, the District and Division encompassing the state court in which this action is pending.  28 U.S.C. § 124(b)(2).  Capital One invokes this Court's jurisdiction under the provisions of 28 U.S.C. § 1441(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a), and removes this action from state court to federal court under 28 U.S.C. § 1446(b).  In support, Capital One respectfully shows as follows:

**A.   STATEMENT OF THE CASE**

1. On June 29, 2020, Peakday Kep and Narysynyon Kep ("Plaintiffs") filed their Original Petition (the "Petition") in the 410th (transferred effective August 4, 2020 to the 457th) Judicial District Court of Montgomery County, Texas, styled *Peakday Kep and Narysynyon Kep v. Capitol One Bank (USA), N.A.*, Case No. 20-06-07588 (the "Action").

2. In accordance with 28 U.S.C. § 1446(a) and Local Rule 81, the following are attached to this Notice of Removal:

| | | |
|---|---|---|
| Exhibit A: | All executed process in the case |
| Exhibit B: | Pleadings asserting causes of action, e.g. petitions, counterclaims, cross actions, third party actions, interventions and all answers to such pleadings |
| Exhibit C: | All orders signed by the state judge |
| Exhibit D: | The docket sheet |
| Exhibit E: | An index of matters being filed |
| Exhibit F: | A list of all counsel of record, including addresses, telephone numbers and parties represented. |

3.  Plaintiffs allege four (4) causes of action in their Petition against Capital One. *See generally* Ex. B-1, Petition. Those causes of action include: (1) breach of contract; (2) breach of fiduciary duty; (3) slander of credit; and (4) violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g, 1692e; 1692(8); and the Texas Debt Collection Act, Tex. Fin. Code §§ 392 *et seq*. *See* Ex. B-1, Petition at ¶¶ 13-16.

### B. JURISDICTION

4.  Capital One specifically alleges that this Court has federal question jurisdiction over this action under 28 U.S.C. §§ 1441(a) and 28 U.S.C. § 1331 because Plaintiff purports to allege a cause of action arising under the FDCPA.[1] Further, the Court has supplemental jurisdiction over the state law causes of action alleged by Plaintiff under 28 U.S.C. § 1367(a).

### C. BASIS FOR REMOVAL

5.  This Court has jurisdiction over this Action under 28 U.S.C. § 1331, because Plaintiffs allege that purported conduct of Capital One violated the FDCPA and entitles Plaintiffs to an award of damages under the FDCPA, which is a law of the United States. Specifically,

---

[1] While not specifically pled as a violation of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, Plaintiffs' third cause action styled "Slander of Credit" specifically references allegations of reporting inaccurate and/or misleading information to credit reporting agencies, which are essentially allegations under the FCRA. Thus, federal question jurisdiction also arises under this cause of action.

Plaintiffs' Petition alleges that Capital One violated the FDCPA's provisions prohibiting false or misleading representations and requiring validation of debt. Ex. B-1, Petition at ¶ 16. Plaintiffs also allege that Capital One reported inaccurate and/or misleading derogatory information to one or more credit reporting agencies, thereby harming their credit standing. *Id.* at ¶¶ 9, 15. (As referenced above, this is essentially a claim under the FCRA, a federal statute.) Plaintiffs request recovery on all claims, attorney fees, costs and interest. *Id.* at Prayer. Adjudication of Plaintiffs' Petition thus requires an analysis and construction of federal law—specifically, the FDCPA, and likely the FCRA as well. Accordingly, this Action may be removed to this Court by Capital One under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1331 because this Court has original jurisdiction founded on Plaintiffs' claim arising under FDCPA.

6. Additionally, this Court has supplemental jurisdiction over the remaining state law claims because they "form part of the same case or controversy." 28 U.S.C. § 1367(a). A state claim is part of the same case or controversy if it shares a "common nucleus of operative fact" with the federal claim. *See, e.g.*, *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir.2008). The facts related to Plaintiffs' state law claims are intertwined with and based upon allegations of wrongdoing under the federal claim arising under the FDCPA (and likely the FCRA). Specifically, Plaintiffs' claims surround the collection of delinquent debt and associated credit reporting. *See* Ex. B-1. The Court should therefore extend supplemental jurisdiction over Plaintiffs' state law claims alleging breach of contract, breach of fiduciary duty, slander of credit (to the extent this claim is not deemed an allegation of violation of the FCRA), and violation of the Texas Debt Collection Act.

### D. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

7. Removal of this action is timely. Capital One's records reflect that the Petition was received in its Legal Department, via United States mail, on July 10, 2020. (Ex. A and Ex. B-1). Therefore, this Notice of Removal is "filed within thirty [30] days after receipt by the defendant…of a copy of the initial pleading" in accordance with the time period mandated by 28 U.S.C. § 1446(b).

8. There are no co-defendants alleged in the Petition from which Capital One was required to obtain consent to remove this action. Indeed, the only parties in this Action are Plaintiffs and Capital One. Capital One is represented by the undersigned counsel. Plaintiffs are represented by William M. Walls, 2927 Broadway, Houston, Texas 77017.

9. Venue lies in the United States District Court for the Southern District of Texas under 28 U.S.C. § 1441(a) because the Action was filed in this District.

10. As stated above, under 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings and orders received by Capital One from Plaintiffs in this Action (which are only the Non-Resident Citation, Clerk's Certificate of Service by Certified Mail, and Original Petition), Capital One's General Denial and Affirmative Defenses, filed on August 3, 2020, as well as a copy of the state Register of Actions (court docket), and Amended Order of Case Assignment – Civil and Family dated July 2, 2020 but effective August 4, 2020, are attached hereto.

11. Written notice of the filing of this Notice of Removal will be promptly served upon Plaintiffs. Capital One will also promptly file a copy of this Notice with the Clerk of the 457th State Judicial District Court (transferred from the 410th State Judicial District Court), County of Montgomery, State of Texas.

WHEREFORE Capital One prays that the above Action now pending against it in the 457th State Judicial District Court (transferred from the 410th State Judicial District Court), County of Montgomery, State of Texas, be removed therefrom to this United States District Court.

Respectfully submitted:

CONNER & WINTERS, LLP

/s/ Douglas M. Selwyn
Douglas M. Selwyn
State Bar No. 18022250
SD TX No. 507
808 Travis Street, 23rd Floor
Houston, Texas 77002
Telephone: (713) 650-3850
Facsimile: (713) 650-3851
dselwyn@cwlaw.com

**ATTORNEYS FOR DEFENDANT,
CAPITAL ONE BANK (USA), N.A.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Defendant's Notice of Removal has been forwarded via certified mail, return receipt requested, on August 4, 2020, to counsel for Plaintiffs:

William M. Walls, Esq.
2927 Broadway
Houston, Texas 77017

/s/ Douglas M. Selwyn
Douglas M. Selwyn