# EXHIBIT B

Received and E-Filed for Record
6/29/2020 9:44 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Julia Meyer

NO. 20-06-07588

| | | |
|---|---|---|
| PEAKDAY KEP and NARYSYNUON KEP | X | IN THE |
| VS. | X | Montgomery County - 410th Judicial District Court |
| CAPITOL ONE BANK (USA), N.A. | X | MONTGOMERY COUNTY, TEXAS |

# PLAINTIFFS' ORIGINAL PETITION

TO THE COURT:

Now comes Peakday Kep and Narysynuon Kep, Plaintiffs herein and file their Original Petition complaining of Capitol One Bank (USA), N.A., Defendant herein, and would show as follows:

*Discovery*

1. Discovery should be at Level 1

*Parties*

2. Plaintiffs Peakday Kep and Narysynuon Kep are individuals residing in Montgomery County, Texas.
3. Defendant Capitol One Bank (USA), N.A. is a national bank doing business in Montgomery County, Texas.

*Venue and Jurisdiction*

4. Venue is proper in Montgomery County, Texas as all or a majority of the operative facts occurred in Montgomery County, Texas.
5. This Court has jurisdiction of the parties and the amount in controversy.

*Service*

6. Defendant Capitol One Bank (USA), N.A. should be served with process by serving its president Jory A. Berson, or any vice-president or any other officer or official:
   Jory A. Berson, President
   1680 Capital 1 Drive
   McLean, VA 22102

*Factual Allegations*

7. Plaintiffs are husband and wife who had obtained a credit card account (account ending in 3569) with Defendant for personal purposes. At all times material the agreement with Defendant involved the community estate of the Plaintiffs.
8. Although Plaintiffs continued making payments to Defendant purchases through the credit care Defendant terminated the agreement and, on information and belief, assigned the account to an unknown entity.
9. At the direction of Defendant, or with the compliance of Defendant, a derogatory engtry was tendered to one or more credit reporting agencies.
10. Sometime during the contractual relationship between the parties an unknown third party hacked the computer system of Defendant and, on information and belief, the personal data of Plaintiffs was

compromised. Although Plaintiffs have attempted to discover the extent of the breach, Defendant has not been forthcoming, and Plaintiffs have been forced to take measures to protect their personal data.

11. Defendant has charged Plaintiffs for unnecessary fees and charges which are not allowed according to the agreement between Plaintiffs and Defendant.

12. On or about July 2019 hacker accessed the personal date of Plaintiffs which were kept by Defendant exposing Plaintiffs' sensitive personal data to unknown persons/parties.

## CAUSE OF ACTION

*Breach of Contract*

13. As a direct result of Defendant's actions as set out above Defendant has breached the agreement with Plaintiffs by (1) terminating the agreement and refusing to accept payments and (2) charging Plaintiffs additional non-contractual fees and charges.

*Breach of Fiduciary Duty*

14. Defendant has breached its fiduciary duty to preserve and protect Plaintiffs' personal data by failing to maintain such personal data safe and secure from hackers.

*Slander of Credit*

15. By reporting inaccurate and/or misleading information to be reported to one or more credit reporting agencies Plaintiffs' credit standing has been damaged by Defendant's wrongful acts.

*Violations of Federal Fair Debt Collections Act/Texas Finance Code*

16. Defendant has violated the following consumer protections:
    a. Tex.Fin.Code Ann. Sections 392.304(a)(8); 392.301.(a)(3);
    b. 15 U.S.C. Sections 1692g; 1692e(11); 16922(8)

*Damages*

17. As a direct result of Defendant's acts and/or omissions Plaintiffs have sustained economic damages in an amount more than $2,000 but less than $5,000.00.

## JURY TRIAL DEMANDED

PRAYER        Plaintiffs pray that Defendant be cited to appear and answer herein; that upon final hearing Plaintiffs have and recover of Defendant for all claims; for attorney fees, for costs of court; pre- and post-judgment interest.

Plaintiffs pray for general relief.

Respectfully submitted,

/s/    William M. Walls

William M. Walls
SBN 20795100
2927 Broadway
Houston, TX 77017

281.772.8068
williammwalls@gmail.com
Attorney for Plaintiffs

Received and E-Filed for Record
8/3/2020 9:19 AM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Jeff Fiore

CASE NO. 20-06-07588

| | | |
|---|---|---|
| PEAKDAY KEP and NARYSYNUON KEP, | § | IN THE DISRICT COURT OF |
| | § | |
| Plaintiffs | § | |
| | § | |
| v. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| CAPITOL ONE BANK, (USA), N.A., | § | |
| | § | |
| Defendants | § | 410TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, CAPITAL ONE BANK (USA), N.A., erroneously named as "CAPITOL ONE BANK (USA), N.A.," Defendant in the above entitled and numbered cause and files this its Original Answer and Affirmative Defenses to Plaintiffs' *Original Petition* and shows the Court as follows:

### I.

### GENERAL DENIAL

As permitted under the Texas Rules of Civil Procedure governing lawsuits of this nature, Defendant CAPITAL ONE BANK (USA), N.A. denies generally the allegations contained in Plaintiffs' Original Petition and demand strict proof thereof by a preponderance of the evidence in accordance with Rule 92 of the Texas Rules of Civil Procedure.

Defendant, CAPITAL ONE BANK (USA), N.A. expressly reserves the right to timely amend its pleadings in accordance with Rule 63 of the Texas Rules of Civil Procedure.

## II.

## AFFIRMATIVE DEFENSES

As permitted under the Texas Rules of Civil Procedure, and without waiving the foregoing General Denial, Defendant CAPITAL ONE BANK (USA), N.A. further pleads the affirmative defenses as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Plaintiffs' Original Petition and each and every cause of action contained therein fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Compliance with Laws, Statutes and Regulations)

2. Defendant is informed and believes, and on that basis alleges that it has complied with all applicable state and federal laws, statutes and regulations, and therefore cannot be held liable for any alleged damages suffered by Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE
### (Acts of Third Parties)

3. Without waiver of any of the denials contained herein, Defendant asserts that, if Plaintiffs sustained any damages, which Defendant denies, such damages were proximately caused by the acts or omissions of other persons, firms, or corporations.

### FOURTH AFFIRMATIVE DEFENSE
### (Plaintiffs' Own Conduct)

4. Damages or injuries, if any, suffered by Plaintiffs' are attributable to Plaintiffs' own conduct, deeds, acts, words and omissions, and not to any conduct, deeds, acts, words or omissions of Defendant.

### FIFTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate)**

5. Plaintiffs have failed to mitigate their damages, if any.

### SIXTH AFFIRMATIVE DEFENSE
**(No Attorneys' Fees)**

6. Plaintiffs are entitled to no attorneys' fees.

### SEVENTH AFFIRMATIVE DEFENSE
**(Excuse, Waiver and Discharge)**

7. Defendant alleges that it has performed all conditions, covenants, and obligations imposed upon it as to Plaintiffs, if any, with the exception of those conditions, covenants and obligations that have been excused, waived or discharged by Plaintiffs' conduct.

### EIGHTH AFFIRMATIVE DEFENSE
**(Prior Breach)**

8. Plaintiffs are barred from any legal or equitable relief under each of the purported causes of action in their Original Petition, by virtue of their prior breach of the alleged agreements.

### NINTH AFFIRMATIVE DEFENSE
**(Consent)**

9. Plaintiffs' Original Petition, and each cause of action alleged therein, is barred by Plaintiffs' consent.

### TENTH AFFIRMATIVE DEFENSE
**(Performance)**

10. Plaintiffs are barred from recovery because Defendant sufficiently performed any and all duties and obligations it owed to Plaintiffs.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Good Faith and Fair Dealing)**

11. Plaintiffs breached their covenant of good faith and fair dealing. To the extent any liability is held against Defendant, Defendant is entitled to a set-off against such liability by the damages to Defendant caused by said conduct.

### TWELFTH AFFIRMATIVE DEFENSE
**(Statute of Limitations)**

12. Plaintiffs' claims are barred by the applicable statutes of limitations.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Unclean Hands)**

13. Plaintiffs are barred from obtaining any recovery on the allegations in their Original Petition by the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Justifiable Conduct)**

14. Defendant's alleged conduct was justified under the circumstances.

### FIFTEENTH AFFIRMATIVE DEFENSE
**(Good Faith)**

15. Defendant alleges that all of its acts and/or omissions, including any oral or written statements made by it, its agents and/or employees, were true statements of fact or honest expressions of opinion, made in good faith and without malice.

### SIXTEETH AFFIRMATIVE DEFENSE
**(Ratification)**

16. Plaintiffs' Original Petition, and each claim and cause of action alleged herein, is barred by the conduct, actions and inactions of Plaintiffs under the doctrine of ratification.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Estoppel & Waiver)

17.  Plaintiffs' claims are barred, in whole or in part, by the conduct, actions and inactions of Plaintiffs, which amount to and constitute a waiver of any right or rights Plaintiff may or might have in relation to the matters alleged in the Original Petition.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Damages)

18.  Plaintiffs' Original Petition, and each claim and cause of action set forth herein, is barred, in whole or in part, because Plaintiffs suffered no injury as a result of any act or practice of Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Contribution)

19.  Although Defendant denies that Plaintiffs have suffered any damages, to the extent that damages have been suffered, independent third parties or their agents owe contribution for any damages alleged to have been suffered by Plaintiffs.

### TWENTIETH AFFIRMATIVE DEFENSE
### (Not Knowing/Willful/Intentional)

20.  Plaintiffs' Original Petition, and each claim and cause of action alleged therein is barred, in whole or in part, on the grounds that Defendant's conduct was not knowing, willful or intentional.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Duty/No Breach)

21.  Defendant alleges that it breached no duty and/or obligation arguably owed to Plaintiffs under applicable law.

TWENTY-SECOND AFFIRMATIVE DEFENSE
**(Reservation of Rights)**

22. Defendant alleges that it may have additional defenses or claims available to it of which it is not now aware. Defendant reserves the right to assert additional defenses or cross-claims, counterclaims, or third-party claims as may be revealed to be appropriate through discovery or otherwise.

WHEREFORE, Defendant, CAPITAL ONE BANK (USA), N.A. respectfully requests that upon final disposition of this case that the Plaintiffs take nothing by reason of their allegations against the Defendant and that the Court grant the Defendant such other and further relief, at law or in equity, as may be necessary and appropriate under the circumstances.

Dated: August 3, 2020

Respectfully submitted,

**CONNER & WINTERS, LLP**

 /s/  David H. Herrold
David H. Herrold
State Bar No. 24107029
4000 One Williams Center
Tulsa, Oklahoma 74172
Telephone: (918) 586-5711
Facsimile: (918) 586-8547
dherrold@cwlaw.com

and

Douglas M. Selwyn
State Bar No. 18022250
808 Travis Street, 23rd Floor
Houston, Texas 77002
Telephone: (713) 650-3850
Facsimile: (713) 650-3851
dselwyn@cwlaw.com

ATTORNEYS IN CHARGE FOR DEFENDANT, **CAPITAL ONE BANK (USA), N.A., ERRONEOUSLY NAMED IN THE PETITION AS CAPITOL ONE BANK (USA), N.A.**

6

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of the above and foregoing Defendant's Original Answer has been forwarded via certified mail, return receipt requested, on August 3, 2020, to counsel for Plaintiffs:

      William M. Walls, Esq.
      2927 Broadway
      Houston, Texas 77017

        /s/   David H. Herrold
        David H. Herrold