United States District Court
Southern District of Texas
**ENTERED**
August 13, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

CIVIL ACTION NO. 4:20–cv–02718
<u>Kep et al v. Capital One Bank (USA), N.A.</u>

ORDER FOR CONFERENCE AND
DISCLOSURE OF INTERESTED PARTIES

1. Counsel and all parties appearing <u>pro</u> <u>se</u> shall appear for an initial pretrial and scheduling conference before

   JUDGE SIM LAKE
   on <u>October 2, 2020</u>, at <u>02:00 PM</u>
   United States Courthouse
   Courtroom 9B, 9th Floor
   515 Rusk Avenue
   Houston, Texas 77002

2. Counsel shall file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If a group can be specified by a general description, individual listing is not necessary. <u>Underline the name of each corporation whose securities are publicly traded</u>. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pendency of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3. <u>NOTICE TO REMOVING DEFENDANTS:</u> Under 28 U.S.C. § 1332 there must be complete diversity between plaintiffs and defendants. Complete diversity requires that all persons on one side of the controversy be citizens of different states from all persons on the other side. Defendant, as the party asserting federal jurisdiction in a removed action, has the burden to demonstrate that there is complete diversity. The citizenship of limited liability entities is determined by the citizenship of their members. <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. See <u>Mullins v. TestAmerica, Inc.</u>, 564 F.3d 386, 397-98 (5th Cir. 2009). If the Notice of Removal filed in this action does not show the citizenship of limited liability entities, defendant is ORDERED to file an amended notice of removal within twenty days from the entry of this order. The failure of a removing defendant to file a Notice of Removal alleging facts establishing complete diversity of citizenship in an action removed under 28 U.S.C. § 1332 may result in remand of this action by the court on its own initiative without further notice.

4. After the parties confer as required by Fed. R. Civ. P. 26(f), counsel and all parties appearing pro se shall prepare and file not less than 10 days before the conference a joint discovery/case management plan containing the information required on the attached form as required by Fed. R. Civ. P. 26(f).

5. The court will enter a Docket Control Order and may rule on any pending motions at the conference.

6. Counsel and all parties appearing pro se who file or remove an action must serve a copy of this order with the summons and complaint or with the notice of removal.

7. Attendance by an attorney who is knowledgeable about the case and who has authority to bind each represented party is required at the conference.

8. Counsel and all parties appearing pro se will deliver to chambers copies of all instruments filed within 7 days of the conference and within 7 days of any future court hearing or conference. Unless this rule is complied with the court will not consider any instrument filed within 7 days of any court appearance.

9. Fed. R. Civ. P. 4(m) requires defendant(s) to be served within 90 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 90 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative without further notice.

10. Counsel will deliver to chambers copies of all instruments filed electronically that exceed 15 pages and copies of all instruments filed under seal regardless of their length.

11. The failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

**By Order of the Court**

**Court Procedures:** Information on the court's practices and procedures and how to reach court personnel may be obtained at the Clerk's website at www.txs.uscourts.gov or from the intake desk of the Clerk's office.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

Peakday Kep, et al.
    Plaintiff

v.                                                             Civil Action No. 4:20−cv−02718

Capital One Bank (USA), N.A.
    Defendant

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

Please restate the instruction before furnishing the information.

1. State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

3. Specify the allegation of federal jurisdiction.

4. Name the parties who disagree and the reasons.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

6. List anticipated interventions.

7. Describe class-action issues.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

9. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    B. When and to whom the plaintiff anticipates it may send interrogatories.

    C.    When and to whom the defendant anticipates it may send interrogatories.

    D.    Of Whom and by when the plaintiff anticipates taking oral depositions.

    E.    Of Whom and by when the defendant anticipates taking oral depositions.

    F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report).

10. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

12. State the date the planned discovery can reasonably be completed.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

18. Specify the number of hours it will take to present the evidence in this case.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

20. List other motions pending.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

22. List the names, bar numbers, addresses, and telephone numbers of *all* counsel.

_____   _____
Counsel for Plaintiff(s)                                            Date

_____   _____
Counsel for Defendant(s)                                          Date